℘JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Camilla Barlow, individually and on behalf of those similarly situated

### DEFENDANTS
Safety National Casualty Corporation, Singletary & Associates, A.P.L.C., Commercial Surety Consultants, Inc. and Financial Recovery Agency, Inc.

(b) County of Residence of First Listed Plaintiff   **East Baton Rouge**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   **St. Louis, Missouri**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andre' P. LaPlace, 2762 Continental Drive, Suite 103, Baton Rouge, Louisiana 70808.  (225) 924-6898

Attorneys (If Known)
David Ayo, Allen & Gooch, A Law Corporation, 2000 Kaliste Saloom Road, Suite 400, Lafayette, LA  70508   (337)291-1450

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
15USC1692
Brief description of cause:
Unauthorized collection of a debt

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example:   U.S. Civil Statute: 47 USC 553
                              Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

CAMILLA BARLOW, INDIVIDUALLY　　　　　CIVIL ACTION NO.:_____
AND ON BEHALF OF THOSE SIMILARLY
SITUATED

VERSUS

SAFETY NATIONAL CASUALTY CORPORATION, SINGLETARY
& ASSOCIATES, A.P.L.C., COMMERCIAL SURETY
CONSULTANTS, INC. AND FINANCIAL RECOVERY
AGENCY, INC.

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

NOW INTO COURT, through undersigned counsel comes Camilla Barlow, individually and on behalf of those similarly situated and respectfully represents as follows:

I. CLASS ACTION INTRODUCTION

The Plaintiff pursuant to Fed. R. Civ. P. Rule 23 *et seq,* requests this Honorable Court allow her to present and prosecute claims against the captioned defendants via class action proceedings on behalf of a class identified as:

All persons who were required to execute an indemnity promise in connection with a Safety National Casualty Corporation bail bond obligation and who were subject to unlawful collection actions by the defendants even though any underlying bench warrant(s) had been recalled and any previously rendered Bond Forfeiture judgment(s) had been set aside.

II. PARTIES

　　[A]　Camilla Barlow is a resident of East Baton Rouge, Louisiana.
　　[B]　Made defendant herein is Safety National Casualty Corporation an admitted and licensed Louisiana insured domiciled at 1832 Schuetz

                Road, St. Louis, Missouri with the Louisiana Secretary of State as its agent fore service of process;

[C]     Also made defendant is Singletary & Associates, A Professional Law Corporation domiciled at 346 West Bellevue Street Opelousas, Louisiana and having Michael D. Singletary as its registered agent for service;

[D]     Also made defendant herein is Singletary & Associates, A P.L.C. [Collection Agency] domiciled at 346 West Bellevue Street Opelousas, Louisiana;

[E]     Also made defendant herein is Financial Recovery Agency, Inc. a Louisiana Corporation domiciled at 346 West Bellevue Street Opelousas, Louisiana and having Michael D. Singletary as its registered agent for service of process; and

[F]     Also made defendant herein is Financial Recovery Agency, Inc. [a collection agency] domiciled at 346 West Bellevue Street Opelousas, Louisiana.

## III. JURISDICTION AND VENUE

[A]     This Court has Federal question jurisdiction pursuant to 28 USC 133 in that the plaintiff complaint arises under the Fair Debt Collection Practices Act.

[B]     Venue is proper in the Middle District of Louisiana under 28 USC 1391 because part of the events or omissions giving rise to plaintiff's claims occurred in this District.

## IV. FACTS

[A]     On September 30, 2007 the Petitioner paid AAA Bail Services, Inc. $475.00 for a bail premium for Eric Dougherty.

[B]     In connection with the posting of the bond, the Petitioner was required to execute a blank indemnity agreement and a promissory note for $3,500.00.

[C]  On February 1, 2008 Eric Dougherty failed to appear for his arraignment and the Court issued a Bench Warrant as well as an Order of Bond Forfeiture.

[D]  On February 8, 2008 the Court executed a Judgment in favor of the State of Louisiana and against Eric Dougherty [principal] and Safety National Casualty Corporation as surety, for $3,500.00.

[E]  On March 4, 2008 Eric Dougherty appeared in Court through counsel, and the Bench Warrant was recalled and the Bond Forfeiture Judgment previously rendered was set aside.

[F]  Commencing on March 11, 2008 and continuing thereafter defendants, Singletary & Associates, A Professional Law Corporation and Singletary & Associates A P.L.C initiated collection action against the Petitioner for the bond amount of $3,500.00.  Said collection efforts included telephone calls to the Petitioner's home pretending to be an employee of the defendant, Safety National Casualty Corporation.

[G]  On February 22, 2010 and continuing thereafter, defendant, Financial Recovery Agency, Inc. and/or defendant, Financial Recovery Agency, Inc. [a collection agency] commenced collection actions against the Petitioner for the bail amount of $3,500.00.

[H]  On July 7, 2010 defendant, Safety National Casualty Corporation filed a Petition for Damages for Breach of Contract to Indemnify a Commercial Surety in Baton Rouge City Court against the Petitioner supposedly founded upon the incomplete indemnity agreement.  Said lawsuit was drafted and filed by both defendants, Singletary & Associates, Inc. A Professional Law Corporation/A P.L.C.

[I]  At all relevant times herein the named defendants were acting as the agents of Safety National Casualty Corporation, in the capacity as "debt  collectors".

[J]  On July 13, 2010 the Baton Rouge City Court, sua sponte, returned the Petition in Civil Docket 10-06135-A because of "improper cumulation

of defendants." The Court invited counsel for Safety National to refile the Petition for Damages for Breach of Contract to Indemnify a Commercial Surety, however, to date, there has been no refiling in any forum.

## V. STATUTORY FRAMEWORK

[A]   La. R.S. 15:85 provides, in relevant part that:

All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:

(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith Issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.

(2) Signing of the judgment of bond forfeiture. Following the defendant's failure to appear, the court shall sign a written judgment of bond forfeiture.

(7) Enforcement and collection of judgment. No judgment of bond forfeiture rendered on or after August 15, 1997, shall be enforced or collected until ten days after the expiration of six months after the mailing of proper notice of the Signing of the judgment of bond forfeiture for bonds which have a face value under fifty thousand dollars, or until ten days after the expiration of nine months for bonds which have a face value of fifty thousand dollars or more. The timely filing of a suspensive appeal shall suspend the enforcement or collection of the judgment of the bond forfeiture. In addition, the court may provide by court rule for the filing of an offset claim against the principal with the secretary of the Department of Revenue, in accordance with R.S. 47:299.1 through 299.20. If after six months and ten days from the mailing of proper notice of the signing of the judgment for bonds which have a face value under fifty thousand dollars, or if after nine months and ten days for bonds which have a face value of fifty thousand dollars or more, a judgment of bond forfeiture against a commercial surety company has not been suspensively appealed nor satisfied or proceedings challenging the bond forfeiture have not been timely filed, the prosecuting attorney may either file a rule to show cause with the commissioner of insurance in accordance with R.S.22:144.1 or collect the judgment in the same manner as a civil judgment.

<u>(10) Satisfaction of judgment of bond forfeiture. (a) For bonds which have a face value under fifty thousand dollars, any judgment forfeiting the appearance bond rendered according to this Section shall at any time, within six months, after mailing of the notice of the signing of the judgment of bond forfeiture, be fully satisfied and set aside upon the surrender or the appearance of the defendant.</u> The appearance of the defendant shall operate as a satisfaction-of the judgment, and the surrender shall operate as a satisfaction of the judgment and shall fully and finally relieve the surety of any and all obligations under the bond.

## VI. CAUSES OF ACTION

CLAIM I-FAIR DEBT COLLECTION PRACTICES ACT [FDCPA]

The Plaintiff reiterates all prior allegation of the Complaint, as if repeated verbatim.

[A] The defendants' actions abridged the FDCPA, 15 USC 1692 (e), in the following particulars:

(2) The false representation of---

(a) The character, amount, or legal status of any debt;

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

And FDCPA 15 USC 1692 (f) (1)

The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless amount is expressly authorized by the agreement creating the debt or permitted by law.

CLAIM II ABUSE OF PROCESS

The Plaintiff reiterates all prior allegations of the Complaint, as if repeated verbatim.

[B] The filing of a lawsuit against the Petitioner by defendants, Safety National Casualty Corporation and Singletary & Associates, A P.L.C. for a debt not owed was abuse of process, in that the indemnity contract was incomplete and the judgment had been satisfied by the subsequent appearance of the bonded defendant. The defendant's were attempting to obtain a result against plaintiff not proper under the law.

## VII. DAMAGES

The Petitioner and those similarly situated suffered damages as a result of the previously described actions of the defendants, including:

[1] Actual Damages,

[2]  Statutory Damages,

[3]  Attorneys Fees, and

[4] Interest.

## VII. QUALIFICATIONS FOR CLASS ACTION

Plaintiff brings this suit as a class action under Rules 23 (a), (b) (1), (b)(2) and (b)(3) of the Federal Rules of civil procedure on behalf of herself and a plaintiff class ("The Class") composed of every non-public juridical person (including but not limited to, natural persons, corporations, partnerships, trusts, limited liability corporations, joint ventures, estates, guardians, tutors, etc) who owned royalty interests in natural gas production in Louisiana from January 1, 2005 to date; whose natural gas was produced and marketed by defendant or its wholly owned affiliates or entities; whose royalty payments for such natural gas production was calculated and/or made by defendant and whose royalty payments were based upon prices below "market value".

    4.2   This action has been brought and may be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

        a.   The Class is ascertainable and there is a well-defined community of interest among the members of the Class;

        b.   Membership in the Class is so numerous as to make it impractical to bring all Class members before the Court. The identity and exact number of Class members is unknown but is estimated to be at least in the thousands based on the defendant's lease/production activities in Northern Louisiana.  Plaintiff believes that members of the class can be identified by the royalty payment records of Chesapeake Louisiana, L.P.

        c.   Plaintiff's claims are typical of those of other Class members, all of whom have suffered harm due to Defendants' uniform course of conduct.

        d.       Plaintiff is a member of the Class.

        e.       There are numerous and substantial questions of law and fact common to all of the members of the Class which control this litigation and predominate over any individual issues pursuant to Rule 23(b)(3). The common issues include, but are not limited to, the following:

        f.       Plaintiff will fairly and adequately protect the interests of the Class in that Plaintiff has no interests that are antagonistic to other members of the Class and have retained counsel competent in the prosecution of class actions to represent themselves and the Class.

        g.       Without a class action, the Class will continue to suffer damage, Defendant's violations of the law or laws will continue without remedy, and Defendant will continue to enjoy the fruits and proceeds of its unlawful conduct.

        h.       Given (i) the substantive complexity of this litigation; (ii) the size of individual Class members' claims; and (iii) the limited resources of the Class members, few, if any, Class members could afford to seek legal redress individually for the wrongs Defendant has committed against them.

        i.       This action will foster an orderly and expeditious administration of Class claims, economies of time, effort and expense,, and uniformity of decision;

        j.       Inferences and presumptions of materiality and reliance are available to obtain class-wide determinations of those elements within the Class claims, as are accepted methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendant's common liability, the Court can efficiently determine the claims of the individual Class members;

        k.       This action presents no difficulty that would impede the Court's management of it as a class action, and a class action is the best (if not the

only) available means by which members of the Class can seek legal redress for the harm caused them by Defendants.

        l.    In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of their wrongful conduct.

    4.3    The Claims in this case are also properly certifiable under applicable law.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class of all others similarly situated, respectfully prays:

A) That this Court certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and (b)(3) and order appropriate notice to be directed to members of the class;

B) For actual and statutory damages under the FDCPA;

C) Compensatory damages – abuse of process;

D) For attorneys fees and costs; and,

E) For such other relief, both legal and equitable, to which Plaintiff may show justly entitled [including but not limited to creation of a future damages fund and payment of the future related expenses, as this Court may order in its discretion].

Respectfully Submitted By:

_____
**Andre' P. LaPlace (LBRN 8039)**
2762 Continental Drive, Ste. 103
Baton Rouge, Louisiana 70808
Telephone (225) 924-6898
Facsimile (225) 924-6877

**PLEASE SERVE:**

Safety National Casualty Corporation
Through its agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Singletary & Associates, A Professional Law Corporation
Through its agent for service of process:
Michael D. Singletary
346 West Bellevue Street
Opelousas, Louisiana 70570

**(Hold Service)**
Singletary & Associates, A P.L.C. (collection agency)
346 West Bellevue Street
Opelousas, Louisiana 70570


Financial Recovery Agency, Inc.
Through its agent for service process:
Michael D. Singletary
346 West Bellevue Street
Opelousas, Louisiana 70570

**(Hold Service)**
Financial Recovery Agency, Inc. (collection agency)
346 West Bellevue Street
Opelousas, Louisiana 70570