UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMILLA BARLOW, individually and as representative of a class | CIVIL ACTION |
| VERSUS | NO. 11-236 |
| SAFETY NATIONAL CASUALTY CORPORATION, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss second amended class action complaint. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**Background**

This putative class action lawsuit arises out of alleged unlawful collection practices engaged in by the defendants in their efforts to collect on a bail bond obligation after the bond forfeiture judgment had been set aside.

On September 30, 2007 Camilla Barlow paid AAA Bail Services, Inc. $475.00 for a bail premium in order to bail her son, Eric Dougherty, out of jail. In connection with posting the bond, and as collateral, Barlow was required to execute a promissory note for $3,500.00 and an indemnity agreement. In fact, Barlow executed various contracts, including a "Contract & Application for Bail Bond," "Indemnitor Application," and "Bail Bond Indemnitor Promises." These agreements include various provisions regarding indemnification; for example, the application provides:

1

> I UNDERSTAND THAT I AM CO-SIGNING WITH AAA BAIL SERVICES, INC. ON THE BAIL BOND THAT IS BEING POSTED WITH THE COURT. I ALSO UNDERSTAND THAT I WILL BE FINANCIALLY LIABLE FOR ANY LOSSES, EXPENCES [sic], OR ADDITIONAL CHARGES THAT OCCUR AS A RESULT OF THE DEFENDANT NOT MEETING ALL OF THE OBLIGATIONS UNDER THE BAIL BOND CONTRACT. I ALSO UNDERSTAND THAT I AM RESPONSIBLE FOR BRINGING THE DEFENDANT BACK TO THE BAIL BOND OFFICE SO THAT THE PAPER WORK CAN BE COMPLETED, SIGNED AND A PICTURE OF THE DEFENDANT CAN BE TAKEN.

The application also included this indemnity provision:

> To indemnify the Company against all liability, loss, damages, attorney fees and expenses whatsoever, including, but not limited to returning prisoner costs, which the Company may sustain or incur in making such bond, prosecuting or defending any action brought in connection therewith, and enforcing any of the agreements herein contained, and specifically enforcing any collateral or indemnifying agreement as well as any expense in locating Defendant and producing him in Court. If upon failure of the parties to comply with any of the terms or conditions of this agreement and should it be necessary for the Company to refer the agreement to an Attorney for collection, the Parties agree to pay an attorney fee of 33-1/3% whether or not such action proceeds to judgment.

Similarly, the Bail Bond Indemnitor's Promises contract provided:

> Indemnification: I, the undersigned hereby agree to save and hold the surety and its agents and/or assigns from any loss whatsoever resulting from the failure of the above named defendant to appear in court as ordered. I, the undersigned hereby agree to pay all cost (500.00 minimum charge) associated with the failure of the above named defendant to appear in Court as ordered, in U.S. currency to surety, its agents and/or assigns upon the failure of the above named defendant to appear in Court as ordered. A copy of a judgment of bond forfeiture naming the above named defendant shall be prima facie evidence of loss sustained by surety and against agents and/or assigns.

On February 1, 2008 Doughterty failed to appear for his

2

arraignment; the court issued a bench warrant and an order of bond forfeiture. One week later, on February 8, the court executed a judgment in favor of the State of Louisiana and against Eric Dougherty, as principal, and Safety National Casualty Corporation, as surety, for $3,500.00. On March 4, 2008 Eric Dougherty appeared in court through counsel, at which time the bench warrant was recalled and the bond forfeiture judgment was set aside.[1]

Barlow complains that, beginning on March 11, 2008 Singletary & Associates, A Professional Law Corporation, initiated collection efforts against Barlow for the bond amount of $3,500.00, including by sending letters on several occasions and, on one occasion, a non-lawyer telephoned Barlow, failed to identify herself as a non-lawyer and threatened litigation to collect the $3,500.00 bond.[2]

Barlow says that Commercial Surety Consultants, Inc. And Financial Recovery Agency, Inc. also attempted to collect the $3,500.00 by correspondence dated February 2, 2010, February 22,

---

[1]According to the defendants, Safety National was not provided notice, nor was it entitled to notice under Louisiana law, of the later appearance of the criminal defendant. And, defendants suggest, even though the bond may have been deemed satisfied, Safety National still had a judgment recorded against it and was not provided with notice by the court or sheriff of its satisfaction. All of which this Court might consider in the context of future motion practice, once the pleadings are complete, that might present challenges beyond that of the technical sufficiency of the plaintiff's allegations.

[2]In particular, the plaintiff contends that Singletary & Associates sent correspondence on March 11, 2008, March 25, 2008, May 28, 2010 and June 21, 2010; she says that she received the telephone call on July 7, 2010.

3

2010, and March 4, 2010. For example, the February 22, 2010 letter stated:

> Re: Judgment of Bond Forfeiture $3,500.00....
>
> Dear CAMILLA BARLOW,
>
> This account has been listed with our office for collection.
>
> You are contractually obligated to pay this account because a judgment of bond forfeiture has been filed against SAFETY NATIONAL CASUALTY CORP. You may have an opportunity to reduce this debt by obtaining a cancellation of the bond forfeiture judgment. We advise you to seek independent legal advice to inform you of your rights and responsibilities. If you are unable to cancel this judgment of bond forfeiture or refuse to do so, we shall be left with no alternative but to seek the collection of the entire debt.
>
> This communication is from a debt collector. This is an attempt to collect a debt....
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid....

On July 7, 2010 -- the same day Barlow alleges that she received a phone call from Singletary & Associates threatening litigation -- Safety National Casualty Corporation indeed sued Barlow (and 25 other persons) in Baton Rouge city court for breach of contract based on the indemnity agreement; the lawsuit was drafted by Singletary & Associates. Six days later, the Baton Rouge city court returned the petition because of "improper cumulation of defendants"; the court invited counsel for Safety National to re-file its petition for damages for breach of contract to indemnify

a commercial surety, but Safety National has yet to re-file. Nonetheless on July 26, 2010 Singletary & Associates, by letter, informed Barlow that she had been sued.

On December 14, 2010 Barlow, on behalf of a putative class, sued Safety National Casualty Corporation, Singletary & Associates, A.P.L.C., Financial Recovery Agency, Inc., and Commercial Surety Consultants, Inc. in the U.S. District Court for the Middle District of Louisiana, alleging three violations of the Fair Debt Collection Practices Act and a claim for abuse of process under Louisiana law. In response to Barlow's contentions that the defendants' pursuit of Safety National's indemnity rights constituted improper collection efforts, the defendants responded with a motion to dismiss. Almost one week before her opposition papers were due, on March 22, 2011, Barlow filed a notice of dismissal, and the lawsuit was dismissed without prejudice.

Just two weeks later, on April 8, 2011, Barlow re-filed her complaint, again invoking the U.S. Middle District court's federal question jurisdiction under the Fair Debt Collection Practices Act, and asserting the same claims and factual allegations. The plaintiff seeks to represent a class defined as:

> All persons who were required to execute an indemnity promise in connection with a Safety National Casualty Corporation bail bond obligation and who were subject to unlawful collection actions by [the defendants] even though any underlying bench warrant(s) had been recalled and any previously rendered Bond Forfeiture judgment(s) had been set aside.

Barlow contends that each of the defendants were acting as agents of Safety National Casualty Corporation in the capacity as "debt collectors."

This putative class action was reassigned to this Court from the Middle District of Louisiana on August 29, 2011. On January 6, 2012 Barlow, with leave of Court, filed a first amended class action complaint, in which she added Commercial Surety Consultants, LLC as a defendant. The defendants moved to dismiss the plaintiff's amended complaint, contending that the plaintiff's claims fall outside the scope of the Fair Debt Collection Practices Act and that, even if the Act applies, the plaintiff fails to state a claim for relief under both the Act and state law principles of abuse of process. The Court granted in part and denied in part the defendants' motion: in particular the Court determined that the plaintiff had stated a claim for abuse of process and rejected the defendants' argument that the bail bond indemnity obligation did not constitute a debt; however, the Court determined that the plaintiff failed to state a claim for FDCPA violations. The plaintiff was permitted to amend her complaint, which she did. The defendants now seek to dismiss her recently-amended FDCPA claims.

I.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. Such a motion "'is

viewed with disfavor and is rarely granted.'" See <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997) (quoting <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982)).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1940. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).

The United States Supreme Court suggests a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. <u>Iqbal</u>, 129 S. Ct. at 1950. First, the Court must identify pleadings that are conclusory and thus not entitled to the assumption of truth. <u>Id.</u> A corollary: legal conclusions "must be supported by factual allegations." <u>Id.</u> Second, for those pleadings that are more than merely conclusory, the Court assumes

7

the veracity of those well-pleaded factual allegations and determines "whether they plausibly give rise to an entitlement to relief." Id.

This facial plausibility standard is met when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Claims that are merely conceivable will not survive a motion to dismiss; claims must be plausible. Twombley, 550 U.S. at 570; see also Iqbal, 129 S. Ct at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal 129 S. Ct. at 1949 (internal quotations omitted). In the end, evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is, any documents attached to or incorporated in the plaintiffs' complaint that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d

8

496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public records and other matters subject to judicial notice without converting the motion into one for summary judgment.  See <u>United States ex rel. Willard v. Humana Health Plan of Texas Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003).

In her complaint, the plaintiff refers to contracts entered into by Barlow, demands for payment (so-called dunning letters), and filed state court pleadings; because these documents are central to Barlow's claims and are referred to in the complaint, it is undisputed that consideration of them does not operate to convert their motion to dismiss into one for summary judgment.  The Court agrees.

II.

The defendants seek dismissal of the plaintiff's amended and newly added Fair Debt Collection Practices Act claims on the ground that the plaintiff fails to state a plausible claim for relief. This Court has already determined, as a matter of law, that the FDCPA applies to an alleged obligation to pay indemnity arising from the purchase of bail bond insurance.[3]

---

[3] To state a claim under the FDCPA, a plaintiff's allegations must establish that the money being collected qualifies as a "debt."  See 15 U.S.C. § 1692a(5).  The mere obligation to pay does not constitute a debt; rather, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

9

As this Court has previously observed, the Fair Debt Collection Practices Act makes it unlawful for "debt collectors" to use abusive tactics while collecting a "debt" for others. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); 15 U.S.C. § 1692. 15 U.S.C. § 1692 (e) announces Congress's purpose in enacting the Fair Debt Collection Practices Act:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).

The defendants challenge the sufficiency of each of the plaintiff's four alleged FDCPA violations.

*A.*

First, the defendants challenge the sufficiency of the plaintiff's Claim I, in which the plaintiff, in addition to reproducing the text of the invoked statutory provisions alleges:

Claim I-FDCPA 15 U.S.C. 1692(e)(2)(a) and (5)

---

The U.S. Court of Appeals for the Fifth Circuit has interpreted the term "debt" broadly, observing that "Congress...has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope. See Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385 (5th Cir. 2002)(holding that a group health insurer's contract-based subrogation claim, for reimbursement of benefits which it had paid to an injured employee after employee recovered third-party uninsured motorist benefits, was in the nature of a "debt", the collection of which was subject to the FDCPA requirements).
10

[24] The plaintiff reiterates all prior paragraphs 1-23 of the Second Amended Complaint, as if repeated verbatim.

...

[26] The Defendants Singletary & Associates, A Professional Law Corporation, ...Commercial Surety Consultants, Inc. and Financial Recovery Agency, Inc. by the previously identified correspondences falsely represented that the Plaintiff was obligated to Safety National for the bond amount of $3,500.00. The same identified defendants misrepresented that legal action could be taken on the $3,500.00 bond despite the setting aside of the bond forfeiture and judgment.

[27] The Defendants violated 15 U.S.C. 1692 e 2 (a) and 5 by the identified false representations.

Claim I actually presents two claims: one under § 1692e(2)(A) and one under § 1692e(5). The defendants contend that the plaintiff again has failed to add any factual support for her claim under § 1692e(2)(A). The plaintiff counters that her allegation, that the defendants' correspondence falsely stated the amount she owed when they sought to collect the full bond amount, after the bond forfeiture judgment had been set aside, states a plausible claim for relief. The Court agrees.

15 U.S.C. § 1692e governs false or misleading representations; it provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
>     (2) The false representation of–
>         (A) the character, amount, or legal status of

11

```
     any debt...
         (5) The threat to take any action that cannot
     legally be taken or that is not intended to be taken.
```

The plaintiff alleges that the defendants sought $3,500.00 when they were not entitled to that amount. If true, then the defendants falsely represented the amount of the debt owed.[4] Accordingly, Barlow has stated a claim that the defendants falsely represented the amount of the debt under 1692e(2)(A).

As to the plaintiff's second part of Claim I -- her allegation that the defendant debt collectors threatened to take action that could not legally be taken or that they did not intend to take -- the plaintiff fails to state a claim. As Barlow acknowledges in her own pleaded facts, the debt collectors did not simply "threaten" to take legal action; suit was actually filed.[5] "As several other courts have recognized, § 1692e(5) applies only to 'threats' of action, not actions actually taken." See <u>Meroney v.</u>

---

[4] The defendants insist that, under the terms of the indemnity agreement, they were entitled to recover the full $3,500, notwithstanding the fact that the bond forfeiture judgment was set aside upon the appearance of Barlow's son within the state-designated window. Neither side has satisfied the Court as to whether or not the defendants could, in fact, recover the full the amount of the debt, the $3,500.00. At this time, the Court makes no determination as to whether the defendant could properly recover $3,500 or any amount but, rather, takes as true the plaintiff's factual allegations that the bond forfeiture was satisfied and, therefore, seeking to recover the full $3,500 was a false representation of the amount of her debt.

[5] Barlow points out that the debt collection suit was dismissed not on the merits but for improper cumulation of defendants; she fails to suggest how this saves her claim from dismissal under the circumstances.

12

Pharia, LLC, 688 F. Supp. 2d 550 (N.D. Tex. Oct. 19, 2009)(citation omitted). Accordingly, Barlow fails to state a claim under § 1692e(5).

*B.*

Second, the defendants challenge the sufficiency of the plaintiff's Claim II which, in addition to reproducing the text of the invoked statutory provision, states:

> Claim II FDCPA 15 U.S.C. 1692(f)(1)
> ...
> ...
> [31] The Defendants Singletary & Associates, A Professional Law Corporation,...Commercial Surety Consultants, Inc. and Financial Recovery Agency, Inc. through the correspondence identified herein have attempted to collect an amount ($3,500) which is not permitted by law, in violation of 15 USC 1692(f)(1).

In this allegation, the plaintiff invokes 15 U.S.C. § 1692f, which governs "unfair practices":

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

The defendants contend that the plaintiff's claim suffers from the defect of circular pleading. They also suggest that, as a matter of law, they were entitled to recover the full $3,500 under the indemnity contract and Louisiana law. As this Court has already

13

noted, however, the briefing on this issue is inadequate. However, as this Court's review of the case literature makes clear, "[a] complaint will be deemed deficient under [§ 1692f] if it 'does not identify any misconduct beyond that which Plaintiff[] assert[s] violate[s] other provisions of the FDCPA." Taylor v. Heath W. Williams, L.L.C., 510 F. Supp. 2d 1206, 1217 (Feb. 26, 2007)(citing cases). Here, Barlow's failure to specifically identify how the defendants' conduct is also unfair or unconscionable under this section warrants dismissal of this claim.[6] See id.

C.

Third, the defendants challenge the sufficiency of the plaintiff's third claim, which states:

> Claim III FDCPA 15 USC 1692e 10
> ...
> ...
> [34] The Defendants by the previously identified correspondences falsely represented to the plaintiff she owed $3,500.00 which was the amount of the bond, when the Judgment of forfeiture was previously set aside.
> [35] The Defendants attempts to collect $3,500.00 violated 15 USC 1692 e (10).

Again, the plaintiff challenges the amount sought to be collected

---

[6]Furthermore, it is generally recognized that, to establish a violation of § 1692f(1), the plaintiff must show that the money demanded from him was "incidental" to a claimed debt and that the claimed obligation to pay it arose neither by agreement nor by operation of law. See Shula v. Lawent, 359 F.3d 489, 492-93 (7th Cir. 2004)(citation omitted). Barlow's claim fails equally under this standard: she does not allege that the $3,500 amount was incidental to the claimed debt; rather, she disputes she could have owed the full amount of the $3,500 debt sought by the defendants.

14

by the defendants.

15 U.S.C. § 1692e governs false or misleading representations:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
> (10) The use of any false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

A representation is considered false if "it would mislead the unsophisticated or least sophisticated consumer." Toomer v. Alliance Receivables Mgmt., Inc., No. 08-467, 2010 WL 5071778, at *3 (Dec. 9, 2010)(citing Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004)). An amount misstated by the debt collector "need not be deliberate, reckless, or even negligent to trigger liability – it need only be false." Id. (citation omitted). In other words, the FDCPA recognizes a strict liability approach. See id. (citing Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004)).

For the same reason that this Court held that Barlow stated a claim under 15 U.S.C. § 1692e(2)(A), the Court holds that Barlow has stated a claim under 15 U.S.C. § 1692e(10). Simply put, the plaintiff alleges that the defendant debt collectors were pursuing an amount of money that was not owed because the bond forfeiture judgment had been set aside. If, in fact, it is later determined that the defendants were not entitled to collect the entire $3,500

15

amount (which they indisputably would have been entitled to collect had the judgment of bond forfeiture not been set aside), then the plaintiff plausibly could recover from the defendants based on their attempts to recover the full amount. The plaintiff has stated a claim for violation of 15 U.S.C. § 1692e(10).

*D.*

Fourth and finally, the defendants challenge the sufficiency of the plaintiff's third claim which, in addition to reproducing the text of the invoked statutory provision, states:

> Claim IV FDCPA 15 USC 1692d(6)
> ...
> [37] ...
> [38] The unknown telephone caller from Singletary & Associates failed to identify herself as a non-lawyer on July 7, 2010.
> [39] The failure of Singletary & Associates employee to identify herself violated 15 USC 1692d(6).

The defendants contend that this allegation fails to state claim because the plaintiff has not alleged that she did not know the call came from a debt collector and, in any event, Barlow fails to allege facts to support any determination that she did not receive meaningful disclosure of the caller's identity. The Court agrees.

15 U.S.C. § 1692d(6) governs harassment or abuse:

> A debt collector may not engage in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without

Case 3:11-cv-00236-MLCF-SS   Document 40   05/31/12   Page 16 of 17

meaningful disclosure of the caller's identity.
Not only does Barlow's allegation lack any suggestion that the telephone caller used abusive or harassing language, but her allegation that defendants violated § 1692d(6) fails to state a plausible claim for relief because, even if true, it appears that Barlow received meaningful disclosure of the caller's identity as a debt collector.[7]

Accordingly, the defendants' motion to dismiss is GRANTED in part (insofar as the plaintiff's claims under §§§ 1692e(5), 1692f(1), 1692d(6) fail to state a claim) and DENIED in part (insofar as the plaintiff has stated a claim under §§ 1692e(2)(A) and 1692e(10)). The following claims remain pending for resolution: the plaintiff's claim under 15 U.S.C. § 1692e(2)(A) that the defendants falsely represented the amount of the debt owed and the plaintiff's claim under 15 U.S.C. § 1692e(10) that the defendants employed false means to collect the debt in that they falsely represented the amount of the debt owed.

New Orleans, Louisiana, May 30, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] The plaintiff has not invoked any legal support for her suggestion that the FDCPA is offended when a caller fails to identify herself as a lawyer or non-lawyer.

17