UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMILLA BARLOW,  CIVIL ACTION
*INDIVIDUALLY AND ON BEHALF OF*
*THOSE SIMILARLY SITUATED*

VERSUS

SAFETY NATIONAL CASUALTY  NO.: 3:11-cv-00236-BAJ-RLB
CORPORATION, ET AL.

RULING AND ORDER

Before the Court is Defendants' **MOTION FOR SUMMARY JUDGMENT (Doc. 65)**, requesting an order dismissing Plaintiff's remaining claims with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 56, (*id.* at p. 2).[1] Plaintiff Camilla Barlow opposes Defendants' motion. (Doc. 69). Defendants have been allowed to file a reply to Barlow's opposition. (Doc. 74). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## I. BACKGROUND

At this point, the relevant factual and procedural background in this matter is well-established. (*See* Doc. 28 at pp. 1–6 (Order Granting in Part Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint); Doc. 40 at pp. 1–6 (Order Granting in Part Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint)). Suffice for now to say that on April 8, 2011,

---

[1] "Defendants" are: (1) Safety National Casualty Corporation ("Safety National"); (2) Singletary & Associates, A Professional Law Corporation ("Singletary Law"); (3) Singletary & Associates A.P.L.C. ("Singletary Collection Agency"); (4) Financial Recovery Agency, Inc. ("FRA"); and Commercial Surety Consultants, LLC ("CSC"). (Doc. 33 at ¶¶ 3–7).

putative class representative Camilla Barlow ("Barlow") sued Defendants Safety National Casualty Corporation ("Safety National"), Singletary & Associates—A Professional Law Corporation ("Singletary Law"), and others (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and abuse of process under Louisiana law, based on actions related to Defendants' attempts to collect on a $3,500.00 bond forfeiture judgment. (Doc. 1; *see* Doc. 65-20).

Various motions and rulings followed, not to mention multiple transfers of venue between the Middle and Eastern Districts of Louisiana. Following rulings by the Honorable Martin L. C. Feldman on Defendants' successive motions to dismiss, three of Barlow's claims remain to be decided: (1) "[Barlow's] claim under 15 U.S.C. § 1692e(2)(A) that the defendants falsely represented the amount of the debt owed," (Doc. 40 at p. 17); "[Barlow's] claim under 15 U.S.C. § 1692e(10) that the defendants employed false means to collect the debt in that they falsely represented the amount of the debt owed," (*id.*); and (3) "[Barlow's] . . . claim for abuse of process," (Doc. 28 at p. 17; *see also* Doc. 59 at p. 6). Defendants' now seek an order dismissing these remaining claims pursuant to Rule 56.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing

2

that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-moving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. LAW AND ARGUMENT

#### a. Barlow's FDCPA Claims

"The FDCPA makes it unlawful for debt collectors to use abusive tactics while collecting debts for others." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see* 15 U.S.C. § 1692 *et seq*. Significant to this cause of action, 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .

3

>    (2) The false representation of—
>
>    >    (A) the character, amount, or legal status of any debt . . . .
>
>    >    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), (10).

Defendants' make a number of arguments for why Barlow's FDCPA claims under Section 1692e(2)(A) and (10) cannot survive summary judgment, including that they are barred by the FDCPA's one-year statute of limitations. (*See* Doc. 65-3 at pp. 13–25. Accordingly, the Court will first consider Defendants' timeliness argument, then, as necessary, will turn to Defendants' remaining arguments.

>    *i. Whether Barlow's FDCPA claims are time-barred*

Claims under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C.A. § 1692k(d). For purposes of determining the limitations period with regard to an alleged violation under the FDCPA, a debt collector's conduct is complete on the date that the alleged violation occurred—here, the date that the Defendants sent their collection letters. *See Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). Additionally, Courts that have considered the issue have indicated that "[f]or statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis." *Solomon v. HSBC Mortgage Corp.*, 395 F. App'x 494, 497 & n.3 (10th Cir. 2010) (unpublished). Accordingly, the Court will first determine as to each Defendant

whether Barlow filed her April 8, 2011 Complaint within one-year of the alleged violations of 15 U.S.C. § 1692e(2)(A) and (10).[2]

### 1. Barlow's claims against Safety National

Each of the remaining claims against Defendants is based on "correspondences [which] falsely represented that the Barlow was obligated to Safety National for the bond amount of $3,500.00." (Doc. 33 at ¶¶ 24–27; *see id.* at ¶¶ 32–35). Defendants argue that Barlow's FDCPA claims against Safety National are barred by the one-year statute of limitations because *all* correspondence between Safety National and Barlow ceased "nearly three years" before Barlow filed her April 8 Complaint. (Doc. 65-3 at p. 11 n.18). Barlow does not contest this assertion, nor does she point to any evidence in the record tending to show that Safety National sent her "correspondences" within one year of her April 8 Complaint. (*See* Doc. 33 at ¶¶ 24–27, 32–35). Instead Barlow suggests that it is unnecessary to produce such "correspondences" because "Defendants [sic] entities are intertwined," and, in any event, "[t]he FDCPA's statute of limitations is subject to equitable tolling and is *not* a jurisdictional limitation." (Doc. 69 at p. 16 (emphasis in original)).

---

[2] The Court pauses briefly to note that on December 14, 2010—nearly 4 months prior to filing the Complaint that prompted *this* round of litigation—Barlow sued certain of the Defendants in a different complaint, "alleging three violations of the Fair Debt Collection Practices Act and a claim for abuse of process under Louisiana law." (Doc. 40 at p. 5). However, on March 22, 2011, Barlow voluntarily dismissed her December 14 complaint. (*Id.*). Accordingly, Barlow's December 14 complaint is not relevant for determining whether the statute of limitations expired. *See Ford v. Sharp*, 758 F.2d 1018, 1023–24 (5th Cir. 1985) ("If a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit had never been filed. For purposes of the statute of limitations, the plaintiff receives no credit or tolling for the time that elapsed during the pendency of the original suit.").

As an initial matter, the Court observes that Barlow's Complaint fails to identify *any* "correspondences" from Safety National that would make out the basis for her claims under 15 U.S.C. § 1692e(2)(A) and (10). (*See* Doc. 33 at ¶¶ 10–21). Indeed, the Complaint indicates that the "identified correspondences" were sent by Defendants Singletary Law, Singletary Collection Agency, CSC, and FRA, *not* Safety National. (*See id.* at ¶ 26; *see also id.* at ¶ 34). Further, Barlow fails to identify any relevant correspondences from Safety National in her opposition to Defendants' Motion for Summary Judgment, (*see* Doc. 69 at pp. 15–16), nor has the Court identified any such correspondences in its own review of the record.

Having failed to produce *any* correspondences from Safety National containing the alleged false representations, Barlow's FDCPA claims against Safety National hinge on her assertion that Safety National is so "intertwined" with the other Defendants that correspondences from the other Defendants are attributable to Safety National.[3] (*See* Doc. 69 at p. 16). Barlow cites no authority for this proposition. (*See id.*). Instead, Barlow would have the Court accept this assertion as true based on a single "correspondence" from Defendant Singletary Collection Agency which identifies Safety National in the subject line. (*See id.*; *see also* Doc. 65-12). However, lacking any explanation or legal authority to explain why Safety National—a commercial surety—is indistinguishable from Singletary Collection

---

[3] Barlow's alternative argument–that "[t]he FDCPA's statute of limitations is subject to equitable tolling," (Doc. 69 at p. 16)—does not apply to Safety National precisely because Barlow has failed to produce any evidence that Safety National *ever* sent her "correspondences" and, accordingly, there is no original date from which to assess whether equitable tolling applies.

Agency and the other Defendants—all debt collection agencies—the Court is unwilling to make this logical leap.

Thus, because Barlow has not produced any evidence to rebut Defendants' assertion that *all* correspondence between Safety National and Barlow ceased "nearly three years" before she filed her April 8 Complaint, Barlow's FDCPA claims against Safety National are time-barred by the one-year statute of limitations. 15 U.S.C.A. § 1692k(d).[4] Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment on Barlow's FDCPA claims as to Defendant Safety National. *See Ayers v. Davidson*, 285 F.2d 137, 139 (5th Cir. 1960) ("There is no question but that summary judgment procedure is proper if the claim asserted against the defendant is barred by the applicable statute of limitations.").

---

[4] The Court's determination that Barlow's FDCPA claims against Safety National are time-barred is sufficient for purposes of granting Safety National's motion for summary judgment. *See Ayers*, 285 F.2d at 139. Defendants further contend that Barlow's FDCPA claims against "Safety National must be dismissed because [Safety National] does not fall under the [FDCPA's] definition of 'debt collector.'" (Doc. 65-3 at pp. 13–15). Barlow's opposition memorandum fails to even address this argument. (*See generally* Doc. 69 at pp. 15–21). This Court's local rules require that a "respondent opposing a motion . . . file a response, including [an] opposing . . . memorandum," which "contain[s] a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies." M.D. La. LR7.4. In light of this Court's local rules, Barlow's failure to address Defendants' claim that Safety National is not a "debt collector" within the meaning of the FDCPA may be deemed a concession. *Cf. Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("We have recognized the power of district courts to adopt local rules requiring parties who oppose motions to file statements of opposition." (quotation marks omitted)).

In any event, Barlow has also failed to point to any *evidence* tending to show that Safety National is: (1) a "business the principal purpose of which is the collection of any debts, or . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"; or (2) a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C.A. § 1692a(6). Accordingly, Barlow has failed to show that Safety National is a "debt collector" within the meaning of 15 U.S.C. § 1692e(2)(A) and (10), and Safety National is entitled to summary judgment on this ground, also.

### 2. Barlow's claims against Financial Recovery Agency, Inc., and Commercial Surety Consultants, LLC

The basis of Barlow's FDCPA claims against Defendants CSC and FRA are "correspondences" dated February 2, 2010, February 22, 2010, and March 4, 2010. (Doc. 33 at ¶¶ 16; 26, 34). The most recent of these "correspondences" is dated in excess of one year from April 8, 2011, the date Barlow commenced this round of litigation. (Doc. 1). Further, Barlow has failed to identify any additional, more recent "correspondences" from CSC and FRA. Accordingly, Barlow's FDCPA claims against CSC and FRA are also presumptively time-barred by Section 1692k(d). *See Mattson*, 967 F.2d at 261.

Here, again, Barlow does not contest that her "correspondences" with CSC and FRA fall outside the FDCPA's one-year statute of limitations. Instead, as before, Barlow asserts: (1) "[t]he Defendants . . . are intertwined"; and (2) "[t]he FDCPA's statute of limitation is subject to equitable tolling." (Doc. 69 at p. 16).

The Court is not persuaded by either of Barlow's arguments. Once again, Barlow's claim that the Defendants are "intertwined" is based solely on a letter from Singletary Collection Agency dated June 21, 2010 which identifies CSC—but *not* FRA—in the subject line. (*See id.*; *see also* Doc. 65-12). To repeat: Barlow cites no legal authority for the proposition that these Defendants are "intertwined" with the Singletary Defendants. (*See* Doc. 69 at p. 16). Lacking any explanation or legal authority to explain why a single "reference[]" to CSC in Singletary Collection Agency's letter renders CSC *and* FRA indistinguishable from the Singletary Defendants, the Court rejects Barlow's bald assertion.

8

The Court likewise rejects Barlow's claim that the FDCPA's statute of limitations is equitably tolled as to Defendants CSC and FRA. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). The Fifth Circuit has clarified, however, that equitable tolling is not universally applicable. Instead, equitable tolling is available in instances such as:

> [when] a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she has done everything required of her . . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Here, Barlow has not even attempted to show that her situation is comparable to those where courts have applied the doctrine of equitable tolling to rescue a claim from a statute of limitations. (*See* Doc. 69 at p. 16). Accordingly, Barlow has failed to put forth sufficient proof to show that she is entitled to equitable tolling on her claims against Defendants CSC and FRA. 15 U.S.C.A. § 1692k(d). Thus, the Court also GRANTS Defendants' Motion for Summary Judgment on Barlow's FDCPA claims as it relates to Defendants CSC and FRA. *See Ayers*, 285 F.2d at 139.

### 3. Barlow's claims against Singletary Law and Singletary Collection Agency

Defendants Singletary Law and Singletary Collection Agency stand in a different light for purposes of the FDCPA's statute of limitations. This is because

Barlow has produced a "correspondence" from "Michael D. Singletary" at "Singletary & Associates, APLC" seeking payment of the contested $3,500.00 bond, and dated June 21, 2010, well within the FDCPA's one-year limitations period. (Doc. 65-12). Further, given the close association between Defendants Singletary Law and Singletary Collection Agency,[5] the Court determines that the June 21 correspondence is sufficient for establishing a timely claim as to each Defendant.[6]

> ii. *Whether Barlow's FDCPA claims against Singletary Law and Singletary Collection Agency are otherwise subject to summary judgment*

Having determined that Barlow's FDCPA claims against Defendants Safety National, CSC, and FRA are time-barred, but that her claims against the Singletary Defendants are *not* time-barred, the Court now turns to Defendants' arguments for why Barlow has failed to produce sufficient evidence on the merits of her claims to survive summary judgment. Specifically, Defendants assert that Barlow's remaining claims against the Singletary Defendants must be dismissed because: (1)

---

[5] The close connection between the Singletary Defendants is demonstrated by Defendants' admission that Singletary Law and Singletary Collection Agency share a common address—specifically, 346 West Bellevue Street, Opelousas, Louisiana. (*See* Doc. 44 ¶¶ 4–5; Doc. 33 at ¶¶ 4–5). It further appears from the June 21, 2010 correspondence that the Singletary Defendants' names are used interchangeably, and that Michael D. Singletary acts as an agent on behalf of each Defendant. (*See* Doc. 65-12 (indicating "Singletary & Associates, A Professional Law Corporation" in the letterhead and "Singletary & Associates, APLC" in the signature, and "Michael D. Singletary" as the signatory)).

[6] The Court rejects Defendants' argument that Barlow's FDCPA claims are untimely as to the Singletary Defendants because "new communications concerning an old claim do not start a new period of limitations." (Doc. 65-3 at p. 17). In analogous situations, courts have determined that where the violation at issue is a "continuing violation"—that is, "a series of separate acts that collectively constitute one unlawful . . . practice"—a timely filed claim *may* relate back to other violations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (contrasting, in an employment discrimination case, a continuing-violation theory used to "pull in" a time-barred act with allegations of a "discrete discriminatory act [that] starts a new clock for filing charges alleging that act"). The situation here is comparable to a continuing violation because the Singletary Defendants' correspondences all relate to their attempt to collect on the contested bond forfeiture judgment.

"[t]he two surviving [FDCPRA] claims allege false representation," "require the same analysis," and are "[i]n effect . . . two FDCPA violations" based on the "same activity," (Doc. 65-3 at p. 19); (2) Barlow has failed to produce any evidence that the Singletary Defendants "misrepresent[ed] anything," (*id.* at p. 22); and (3) any violation of the FDCPA committed by the Singletary Defendants was the result of "bona fide error," (*id.* at p. 23).

> 1. Whether to dismiss Barlow's § 1692e(10) claim against the Singletary Defendants because it "echoes" her § 1692e(2)(A) claim

Defendants argue that Barlow's two surviving claims each allege violations based on the same "false representation," and therefore Barlow's 15 U.S.C. § 1692e(10) claim must be dismissed because Section 1692e(10) is merely a "catch-all" provision. (Doc. 65-3 at p. 19). Barlow offers no opposition to this argument. (*See generally* Doc. 69 at pp. 15–21).[7]

The Court agrees with Defendants that because Barlow's 15 U.S.C. § 1692e(10) claim is based on the *same* allegations as her § 1692e(2)(A) claim, it cannot survive Defendants' Motion for Summary Judgment. (*See* Doc. 33 at ¶¶ 26, 34 (indicating that the same "correspondences" are the basis for each claim)). The District Court for the Southern District of Texas recently addressed precisely the same scenario, and arrived at the same conclusion, explaining that because "Section

---

[7] As explained, *supra* n.4, Barlow's failure to address Defendants' argument in her opposition memorandum may be deemed a concession in light of this Court's local rules. *See* M.D. La. LR7.4; *cf. Johnson*, 442 F.3d at 918. That Barlow's failure to address Defendants' argument *is* a concession is reinforced by Barlow's assertion that Defendants' misrepresentations "abridge[d] *Section 1692e(2)(A)* of the FDCPA," combined with her *failure* to assert that they *also* violated Section 1692e(10). (*See* Doc. 69 at p. 17 (emphasis added)). In any event, for reasons explained above, the Court is persuaded that Barlow's Section 1692e(10) must also be dismissed.

11

1692e(10) [is] . . . a 'catch-all' provision," "[w]hen a plaintiff merely re-alleges a violation of another section of the FDCPA . . . it is not sufficient to constitute a violation of § 1692e(10) as well." *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 724 (S.D. Tex. 2012). The Court sees no reason why the result should be different here, particularly where Barlow has failed to offer one. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment as it relates to Barlow's 15 U.S.C. § 1692e(10) claim against the Singletary Defendants.[8]

### 2. Whether to dismiss Barlow's § 1692e(2)(A) claim against the Singletary Defendants because Barlow has failed to show false representation

Next, Defendants argue that Barlow's remaining FDCPA claim must be dismissed because Barlow has failed to show that the Singletary Defendants falsely represented "the character, amount, or legal status of any debt, as required to establish a violation of § 1692e(2)(A). 15 U.S.C. § 1692e(2)(A). (Doc. 65-3 at p. 15). Specifically, Defendants assert that because a judgment of bond forfeiture existed even *after* Barlow's son—Eric Doherty—appeared in court, Barlow cannot show that the Singletary Defendants "misrepresent[ed] anything." (Doc. 65-3 at pp. 20, 22). "In other words, [because] the judgment of bond forfeiture is not automatically canceled by operation of law . . . . Defendants had every right to seek indemnity since Safety National is still at risk due to the still-recorded judgment." (*Id.* at p. 20). In support of this argument, Defendants have produced a Special Certificate recording Doherty's $3,500.00 bond (Doc. 65-20 at p. 1), as well as the Bond

---

[8] Of course, this reasoning applies with equal force to Barlow's § 1692e(10) claim against Defendants Safety National, CSC and FRA, should it later be decided that the Court erroneously dismissed this claim against these Defendants on other grounds.

Forfeiture Judgment on that bond (*id.* at p. 2), and assert that "*the judgment of bond forfeiture entered in the Eric Doherty case was still recorded in the East Baton Rouge public record at last check,*" (Doc. 65-3 at p. 20 (emphasis in original)).

Barlow offers little to rebut Defendants' evidence and argument, other than to draw the Court's attention to an extended block quote from an unrelated FDCPA case arising out of this District. (*See* Doc. 69 at p. 17 (quoting *Johnson v. Eaton*, 873 F. Supp. 1019, 1025–26 (M.D. La. 1995)). Lacking any context or explanation for Barlow's reference to *Johnson*, the Court fails to see its relevance here. More fundamentally, however, Barlow has failed to produce *any evidence or argument* to show that Defendants were seeking to enforce anything other than a valid judgment of bond forfeiture. Because Barlow has failed to produce evidence indicating that the judgment of bond forfeiture was invalid and unenforceable at the time the Singletary Defendants sent their letters, her claim that the Singletary Defendants falsely represented "the character, amount, or legal status of [a] debt" cannot survive summary judgment. 15 U.S.C.A. § 1692e(2)(A); *cf. Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459, 462 (M.D. La. 1996) ("Plaintiff's claim under [§ 1692e(2)(A)] has no merit because she has not shown that any misrepresentation of the amount of the debt claimed was knowing or intentional.").

Accordingly, the Court also GRANTS Defendants' Motion for Summary Judgment as it relates to Barlow's 15 U.S.C. § 1692e(2)(A) claim against the Singletary Defendants.[9]

---

[9] And, again, this reasoning applies with equal force to Barlow's § 1692e(2)(A) claim against Defendants Safety National, CSC and FRA.

> 3. <u>Whether to Dismiss Barlow's FDCPA claims against the Singletary Defendants because the Singletary Defendants committed bona fide error</u>

Having determined that Barlow's FDCPA claims fail against *all* Defendants on other grounds, the Court declines to address Defendants' alternative argument that the Singletary Defendants' "pursuit of indemnity" was the result of "bona fide error." (Doc. 65-3 at p. 24).

### b. Barlow's Abuse of Process Claim

The Court now turns to Barlow's abuse of process claim under Louisiana law. Before reaching its merits, however, the Court must determine whether it should remand this claim to state court, given that each of Barlow's federal claims have been dismissed. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011).

"In determining whether . . . to relinquish jurisdiction over pendent state law claims, [the Court] look[s] to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Id.* at 158–59. Although "[a] district court has wide discretion in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated," a district court abuses that discretion where "all federal claims [are] deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand." *See id.* at 161–62.

The statutory factors the Court must consider in deciding whether to dismiss pendant state law claims are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the

14

federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (quoting 28 U.S.C. § 1367(c)). Here, the first three factors favor remand. First, a review of Barlow's Complaint shows that her abuse of process claim is based on Defendants' attempts collect on the judgment of bond forfeiture. This inquiry, however, turns on whether the judgment of bond forfeiture remained valid even *after* Doherty appeared in Court (which, presumably, satisfied the terms of his bond)—thus interjecting a level of complexity to the issue that Louisiana's courts are better equipped to assess. Second, Barlow's abuse of process claim has predominated over her federal claims from the outset because, as explained *supra*, her FDCPA claims turned on whether the outstanding bond judgment remained valid. Third, all of Barlow's federal claims have, as of now, been dismissed. Finally, the fourth factor also favors remand because, as will be explained, "the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *See id.*

The common law factors also favor remand. Although this action has proceeded through discovery and is now at the summary judgment stage, remand will not require "either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work." *See id.* Instead, the state court can pick up where this Court leaves off, and determine at the summary judgment stage whether Barlow's abuse of process claim succeeds or fails given the interplay of Louisiana statutes at work. Further, as indicated, this Court lacks "substantial

15

familiarity" with the Louisiana statutes subsumed by Barlow's abuse of process claim, and its consideration of her federal claims did not require a thorough consideration of the merits of her abuse of process claim. *See id.* at 159–60. Thus, on the balance, "[t]he judicial economy factor . . . favors remand." *Id.* at 160.

Second, it is no more or less convenient to try this case in state court, and remand will not cause any financial inconvenience to the parties because they need not duplicate any of their previous efforts or expenses. *See id.* Third, it is certainly fair to have purely Louisiana state law claims heard in a Louisiana state court, and there is nothing to indicate that either party will be prejudiced by a remand to the Louisiana state court. *Id.* Finally, "comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts." *Id.* (quotation marks omitted). In sum, "[t]he overall balance of the common law factors weighs heavily in favor of remand." *Id.*

"At bottom, all of the statutory and common law factors weigh in favor of remand, some weighing heavily in favor of remand and others weighing modestly in favor of remand." *Id.* at 160. Thus, the Court declines to exercise jurisdiction over Barlow's remaining Louisiana abuse of process claim, and will remand this action to the Nineteenth Judicial District Court, Parish of East Baton Rouge. *See* 28 U.S.C. § 1367(c); *Enochs*, 641 F.3d at 161 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (quotation marks omitted)).

16

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED**, that Defendants' **MOTION FOR SUMMARY JUDGMENT (Doc. 65)** is **GRANTED IN PART** and **DENIED IN PART**. Barlow's FDCPA claims against all Defendants are **DISMISSED WITH PREJUDICE** for the reasons explained in this Order.

**IT IS FURTHER ORDERED** that Barlow's remaining Louisiana abuse of process claim is **REMANDED** for consideration by the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana.

Baton Rouge, Louisiana, this 31st day of March, 2014.

_____

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**